UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-MC-60925-BLOOM

RAQUEL CATSELALNOS-FERNANDEZ,

    Plaintiff,

v.                                                       Adv. Case No. 14-01929-JKO

BANK OF NEW YORK MELLON
and GREEN TREE SERVICING, LLC,

    Defendants.
_____/

In re:                                                Bankr. Case No. 14-24358-JKO

RAQUEL CATSELALNOS-FERNANDEZ,

    Debtor.
_____/

## ORDER ON MOTION FOR STAY PENDING APPEAL

**THIS CAUSE** is before the Court upon Plaintiff, Debtor Raquel Castellanios-Fernandez's ("Debtor") Motion for Stay Pending Appeal, ECF No. [1] (the "Motion"). The Court has reviewed the Motion and the record in this case.

Debtor requests a stay of proceedings, including a foreclosure and sale of real property, pending her appeal of an order issued by the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") in an adversary proceeding, Adv. Case No. 14-01929-JKO (the "Adversary Proceeding") related to her chapter 7 bankruptcy proceeding, Bankr. Case No. 14-24358-JKO (the "Bankruptcy Proceeding).

Federal Rule of Bankruptcy Procedure 8007 provides, in relevant part, that "[o]rdinarily, a party must move first in the bankruptcy court for . . . a stay of a judgment, order, or decree of the bankruptcy court pending appeal. FED. R. BANKR. P. 8007(a)(1)(A). The requirement to first

1

seek relief from the bankruptcy court may have jurisdictional implications. *See In re Taub*, 470 B.R. 273, 276 (E.D.N.Y. 2012) ("If the party improperly bypasses the bankruptcy court and seeks a stay first from the district court, the district court lacks the jurisdiction to hear the matter."); *accord*, *e.g.*, *In re Phillps*, 483 B.R. 254, 257 (M.D. Fla. 2012) ("The decision whether to grant a stay pending appeal is left to the sound discretion of the bankruptcy court."); *In re Pullen*, 2008 WL 7842092, at *1 (Bankr. N.D. Ga. Jan. 3, 2008) (bankruptcy court retains jurisdiction even where appeal noticed). "Thus, district courts routinely dismiss motions for a stay pending appeal when stay relief is not first sought from the bankruptcy judge and the failure to do so is not adequately explained." *In re BGI, Inc.*, 504 B.R. 754, 761 (S.D.N.Y. 2014).

Here, Debtor, proceeding *pro se*, appears to have filed the instant Motion both before the Bankruptcy Court in the Adversary Proceeding below and before this Court. *See* ECF No. [1-1] at 3 (docket in adversary proceeding). The order subject of her appeal was issued by that court and in that proceeding, and is the proper forum for the Motion. This Court, especially absent any explanation from Debtor, is not.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that this case is **DISMISSED**, and, to the extent it is not pending before the Bankruptcy Court in the Adversary Proceeding, this cause and the Motion are **REMANDED** to the Bankruptcy Court for adjudication, pursuant to Fed. R. Bankr. P. 8007(a)(1)(A). The Clerk is directed to **CLOSE** this matter and to **TRANSMIT** this Order to the Bankruptcy Court in accordance with all relevant rules and procedures.

**DONE** and **ORDERED** in Chambers at Ft. Lauderdale, Florida, this 6th day of May, 2015.

                                                                **BETH BLOOM**
                                                                **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record